IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

      v.

EDWARD SANTIAGO-DIAZ [1],

      Defendant.

CRIMINAL NO. 15-271 (GAG)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RE: RULE 11(b) GUILTY PLEA HEARING

**I.**    **Procedural Background**

On April 16, 2015, defendant Edward Santiago-Diaz was charged in a multi-count indictment. He agrees to plead guilty to Counts One, Two, and Three.

Count One charges that Mr. Santiago and another, on or about April 8, 2015, aiding and abetting each other, did knowingly and intentionally possess with intent to distribute a detectable amount of cocaine, in violation of 21 U.S.C. Sections 841(a). Count Two charges that on or about the same date, defendant, and another, aiding and abetting each other, did knowingly and intentionally possess with intent to a detectable amount of marijuana, in violation of 21 U.S.C. Section 841(a). And Count Three charges that on the same date the defendant knowingly and intentionally possessed with intent to distribute a detectable amount of cocaine base, in violation of 21 U.S.C. Section 841(a).

Defendant appeared before me, assisted by the court interpreter, on December 7, 2016, since the Rule 11 hearing was referred by the court. See United States v. Woodard, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant). He was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful lest he would subject himself to possible charges of perjury or making a false statement.

USA v. Edward Santiago-Diaz                                                    Page 2
CR. No. 15-271 (GAG)
**REPORT AND RECOMMENDATION ON GUILTY PLEA**

## II.   Consent to Proceed Before a Magistrate Judge

Defendant was provided with a Waiver of Right to Trial by Jury form, which he signed.[1] He confirmed that his attorney explained the contents of the waiver form. He was advised of his right to hold all proceedings, including the change of plea hearing, before a district court judge. He received an explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge. He was informed that if he elects to proceed before a magistrate judge, then the magistrate judge will conduct the hearing and prepare a report and recommendation, subject to review and approval of the district judge. The defendant then voluntarily consented to proceed before a magistrate judge.

## III.   Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernandez-Wilson, 186 F.3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244 (1st Cir. 1991)).

### A.   Competence to Enter a Guilty Plea

This magistrate judge questioned the defendant about his age, education, employment, history of any treatment for mental illness or addiction, use of any medication, drugs, or alcohol, and his understanding of the purpose of the hearing, all in order to ascertain his capacity to understand,

---

[1]   The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

**USA v. Edward Santiago-Diaz**                                              Page 3
**CR. No. 15-271 (GAG)**
**REPORT AND RECOMMENDATION ON GUILTY PLEA**

answer and comprehend the change of plea colloquy. The court confirmed that the defendant

received the indictment and fully discussed the charge with his counsel and was satisfied with the

advice and representation he received.   The court further inquired whether defendant's counsel or

counsel for the government had any doubt as to his capacity to plead, receiving answers from both

that the defendant was competent to enter a plea.  After considering the defendant's responses, and

observing his demeanor, a finding was made that Mr. Santiago was competent to plead and fully

aware of the purpose of the hearing.

### B.    Maximum Penalties and Consequences of Guilty Plea

Upon questioning, the defendant expressed his understanding of the maximum penalties

prescribed by statute for the offense to which he was pleading guilty, namely: for each of Counts One

and Three, a  term of imprisonment of not more than 20 years, a fine of not more than $1 million,

and a supervised release term of at least three years; for Count Two a prison term of up to five years,

a fine of up to $250,000, and a supervised release term of at least two years.  The court must also

impose a Special Monetary Assessment of $100.00, per count.  The defendant indicated that he

understood the maximum penalties.

The defendant was informed that parole has been abolished and that any sentence of

imprisonment must be served.  Defendant was additionally informed that a pre-sentence report would

be prepared and considered by the district judge at sentencing. The defendant confirmed that he

understood these consequences of his guilty plea.

### C.    Sentencing Procedures

The defendant was specifically informed that the district court, after considering the

applicable Sentencing Guidelines, could impose a sentence different from any estimate  provided by

his attorney, and that the court had authority to impose a sentence that is more severe or less severe

than the sentence called for by the Sentencing Guidelines, and that he would not be allowed to

withdraw his guilty plea for the sole reason that he received a sentence more severe than he might

USA v. Edward Santiago-Diaz                                                    Page 4
CR. No. 15-271 (GAG)
**REPORT AND RECOMMENDATION ON GUILTY PLEA**

anticipate.  The defendant was advised, and understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at 18, United States Code, Section 3553(a).

### D.    Waiver of Constitutional Rights

The defendant was specifically advised that he has the right to persist in a plea of not guilty, and if he does so persist that he has the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and the government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to assistance of counsel for his defense, and if he could not afford an attorney the court would appoint one to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the government's witnesses, the right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify on his behalf.  He was further informed that if he decided not to testify or put on evidence at trial, his failure to do so could not be used against him, and that at trial the jury must return a unanimous verdict before he could be found guilty.

The defendant specifically acknowledged understanding these rights, and understanding that by entering a plea of guilty there would be no trial and he will be waiving or giving up the rights that the court explained. The court further informed the defendant that his guilty plea may result in the loss of valuable civil rights.

### E.    Factual Basis for the Guilty Plea

Defendant was read in open court Counts One, Two, and Three of the indictment  and provided an explanation of the elements of the offenses. The meaning of terms used in the indictment was explained.

Upon questioning, the government presented to this magistrate judge and to defendant a summary of the basis in fact for the offenses charged in Counts One, Two, and Three and the

USA v. Edward Santiago-Diaz                                                          Page 5
CR. No. 15-271 (GAG)
**REPORT AND RECOMMENDATION ON GUILTY PLEA**

evidence the government had available to establish, in the event defendant elected to go to trial, the defendant's guilt beyond a reasonable doubt.  The defendant was able to understand this explanation and admitted to the elements of the offenses.

**F.      Voluntariness**

The defendant indicated that he was not being induced to plead guilty, but was entering such a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered him a thing of value in exchange for his plea.  He acknowledged that no one had made any promises in exchange for his guilty plea.   Throughout the hearing the defendant was able to consult with his attorney.

**IV.      Conclusion**

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to Counts One, Two, and Three of the indictment.

After cautioning and examining the defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, I find that the defendant, Edward Santiago-Diaz, is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea.  Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to Counts One, Two, and Three of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. §636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt.   Failure to file timely and specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

**USA v. Edward Santiago-Diaz**                                                                                    Page 6
**CR. No. 15-271 (GAG)**
**REPORT AND RECOMMENDATION ON GUILTY PLEA**

A **sentencing hearing has been set for April 4, 2017 at 9:00 a.m. before District Judge**

**Gustavo Gelpi.**

**IT IS SO RECOMMENDED.**

San Juan, Puerto Rico, this 7th day of December, 2016.


                                      S/Bruce J. McGiverin
                                      BRUCE J. McGIVERIN
                                      United States Magistrate Judge